**Anna HOWARD, an Incompetent Person, by Ella Penny, her Guardian, Respondent,**

v.

**Gloria HOLLINS and Nelson Hollins, Appellants.**

**No. 55081.**

Supreme Court of Missouri, Division No. 1.

Feb. 8, 1971.

# 766

Martin M. Lipsitz, St. Louis, for respondent.

Wayman F. Smith, III, St. Louis, for appellants.

---

HIGGINS, Commissioner.

Appeal by Gloria and Nelson Hollins from decree setting aside a quitclaim deed by which Anna Howard purported to convey an interest in certain real estate to Gloria and Nelson Hollins as joint tenants with right of survivorship, reserving a one-third interest to herself.

This statement showing title to real estate to be involved would confer jurisdiction on this court to decide this appeal, and neither party has questioned jurisdiction; however, under Article V, Section 3, Missouri Constitution, V.A.M.S., the Supreme Court must determine its appellate jurisdiction even though it is not placed in issue.

The transcript, briefs, and recitals in the file show: that this case was submitted and the trial court took it under advisement March 18, 1969; that plaintiff Anna Howard, the incompetent plaintiff, died March 18, 1969, following such submission; that the judgment in her favor was entered June 6, 1969; that there was no suggestion of death to apprise the trial court of its possible loss of jurisdiction; death of the incompetent plaintiff terminated the guardian's authority with respect to this action, State ex rel. Emmons v. Hollenbeck, Mo.

App., 394 S.W.2d 82; and there was no substitution of party plaintiff "prior to final judgment and before appeal," Civil Rule 52.12(c), V.A.M.R., by which to continue jurisdiction in the trial court. In obvious unawareness of the circumstances, the trial court entered judgment for a plaintiff who was then deceased. Such judgment was a nullity because a trial court has no jurisdiction to render a judgment for a deceased party. See Mo.Dig., Judgment, ⟨key⟩12. As a consequence, there is no jurisdiction in this court because there is "no judgment to be affirmed or reversed," Campbell v. Webb, 363 Mo. 1192, 258 S.W.2d 595, 605–606.

Accordingly, the appeal must be dismissed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.