**FIRST STATE BANK OF CARUTHERS-VILLE, a corporation, Respondent,**

v.

**James Robert BLADES, Appellant.**

No. 13713.

Missouri Court of Appeals,
Southern District,
Division Three.

Nov. 8, 1984.

Kenneth L. Dement, Dement & Dement, Sikeston, for appellant.

James E. Reeves, Caruthersville, for respondent.

CROW, Presiding Judge.

■ In this appeal we must decide whether the sole defendant may appeal an order dismissing his counterclaim against the sole plaintiff when the trial court has not adjudicated the plaintiff's claim against the defendant. We address the issue even though neither party has done so, it being

our duty, *sua sponte*, to determine whether the judgment is appealable. *Killian Construction Co. v. Tri-City Construction Co.*, 632 S.W.2d 49, 50[1] (Mo.App.1982); *International Harvester Credit Corp. v. Formento*, 621 S.W.2d 90, 91[1] (Mo.App. 1981).

First State Bank of Caruthersville ("the Bank") sued James Robert Blades ("Blades"). Capsulized, the petition alleges: (1) the Bank is trustee for the holders of $3,335,000 of first mortgage revenue bonds issued by the Industrial Development Authority of the City of New Madrid ("the Authority") for the use and benefit of New Madrid Nursing Home, Inc. ("the Nursing Home"), (2) Blades is the principal owner and managing officer of the Nursing Home, which received and used the proceeds from the sale of the bonds, (3) the Nursing Home defaulted in payment of installments due under a loan agreement between it and the Authority, which agreement had been assigned to the Bank, and the Nursing Home also filed a petition under chapter 11 of the "Bankruptcy Act," thereby accelerating the maturity dates of the bonds, rendering the aggregate amount, $3,335,000, due and payable, and (4) Blades is guarantor of the bonds by virtue of a written guaranty and indemnity agreement, and is consequently liable to the Bank, as trustee for the bondholders, in the full amount of the bonds, plus interest, expenses and attorney fees. The prayer is for judgment against Blades for the entire amount owed by the Nursing Home.

The Bank did not name the Nursing Home a defendant in the action, presumably because of the bankruptcy proceeding.

Blades filed an answer alleging, in substance: (1) at the time of the Nursing Home's alleged default, the Bank had on hand certain moneys of the Nursing Home designated the "Debt Service Reserve Fund and Special Security Account" ("the Fund"), (2) the Fund substantially exceeded the amount due on the bonds, (3) the guaranty obligated the Bank to utilize the Fund to make the payments on the bonds if requested by Blades, (4) Blades so requested, but the Bank refused, and (5) had the Bank complied, there would have been no default, or at least the default would not have occurred until after Blades' liability under his guaranty had terminated.

As a second "affirmative defense," Blades' answer alleged that (1) the Bank failed to invest the Fund so as to earn a reasonable return, and instead used the Fund for its special interests, and (2) had the Bank invested the Fund properly, there would have been sufficient moneys to prevent the alleged default.

Simultaneously with his answer, Blades filed a two-count counterclaim which repeated the allegations in the answer. In addition to those allegations, the counterclaim averred that because of the Bank's refusal to perform its duty, the Nursing Home (Blades' "wholly owned corporation") was forced to file the bankruptcy petition, thereby rendering Blades' $5,000,000 investment worthless. Count I of the counterclaim sought actual damages of $5,000,000. Count II sought punitive damages of $500,000, alleging that the Bank's conduct showed "complete indifference to and conscious disregard of the rights of others, including defendant."

The Bank moved the trial court to dismiss the counterclaim on the ground that it failed to "state a claim for relief." The court, finding that "the counterclaim is one which cannot be properly interposed in this action," granted the motion. That ruling, of course, affected only the counterclaim. Blades' answer, including the affirmative allegations previously mentioned, remained intact.

Blades promptly filed a notice of appeal from the order dismissing his counterclaim. At that time, understandably, trial on the Bank's petition had not yet occurred.

Blades maintains the trial court erred in dismissing the counterclaim in that he, as guarantor of the obligation owed by his "wholly-owned corporation," has standing to sue the Bank for its alleged misconduct. According to Blades, the Bank's misconduct damaged him by causing the Nursing Home to become bankrupt.

The Bank responds that any claim against it based on the allegations in the counterclaim would be vested in the Nursing Home, not Blades. The Bank insists that Blades has no standing to assert the counterclaim, either as guarantor of the Nursing Home's bond obligations or as a stockholder in the Nursing Home. The Bank argues that the counterclaim, if cognizable at all, may be prosecuted only by the Nursing Home's trustee in bankruptcy.

Obviously, we reach these issues only if the order dismissing Blades' counterclaim is appealable.

The order of dismissal was entered March 21, 1984. Rule 81.06, Missouri Rules of Civil Procedure (15th ed. 1984) provides, in pertinent part:

"When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless specifically so designated by the court in the judgment entered. However, when a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims, or third-party claims are determined."

The trial court did not designate the order dismissing Blades' counterclaim as a final judgment for purposes of appeal within the meaning of § 512.020, RSMo 1978, nor did the trial court order it entered as an interlocutory judgment to be held in abeyance until the Bank's claim was determined. The order is thus silent as to its appealability.

Rule 81.06 was applied in *Laclede Gas Co. v. Solon Gershman, Inc.*, 539 S.W.2d 574 (Mo.App.1976), a case remarkably similar to this one. Laclede sued Gershman for a balance allegedly owed for natural gas supplied by Laclede to a building owned by Gershman. Gershman filed an answer alleging that the meter installed by Laclede recorded only half the gas actually used, and that Gershman had paid for all gas billed by Laclede based on that meter. Gershman added that had Laclede's billings shown the correct amounts at the respective times, Gershman would have charged its tenants rental rates reflecting those amounts, but that it was too late to collect those sums from the tenants. Gershman contended that Laclede, by reason of these facts, was estopped to claim Gershman owed anything. Gershman used the same allegations as the basis of a counterclaim against Laclede for negligence in installing the defective meter. The trial court dismissed the counterclaim on the ground that it sought a "special rebate contrary to the law." Judgment was ultimately entered in favor of Laclede on its petition. Gershman appealed. The judgment in favor of Laclede on its petition was affirmed, but the dismissal of Gershman's counterclaim was reversed and the cause was remanded for trial on the counterclaim. Laclede's contention that Gershman failed to preserve its right to appeal from the dismissal of the counterclaim by failing to file a notice of appeal within 10 days after that ruling, was rejected. The Court of Appeals held that because the dismissal of the counterclaim did not dispose of Laclede's suit, the dismissal did not constitute a final appealable judgment. The opinion states, "[W]here the court tries claims arising out of the same transaction separately, the judgment entered on each is not final until the last one is entered or the court specifically designates it is final." *Id.* at 578[4].

In the instant case, it is evident that the cause of action Blades sought to maintain in the counterclaim arose out of the same transactions, occurrences and subject matter as the cause of action set forth in the Bank's petition. The counterclaim was not "an entirely separate and independent

claim" unrelated to the petition. Consequently, we find *Laclede Gas* persuasive, and we hold that because the Bank's petition remains untried, the order dismissing Blades' counterclaim is not final for purpose of appeal. Having so decided, we need not—and do not—comment on whether the trial court ruled correctly.

Appeal dismissed.

PREWITT, C.J., and HOGAN, TITUS and MAUS, JJ., concur.