Gail **SCHLEIFER,** By and Through his Guardian and Conservator, Carol **WEHRS,** Plaintiff-Appellant,

v.

Bernice **SHULER,** Defendant-Respondent.

No. 14148.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 23, 1985.

Jack Hoke, Wood, Hudkins & Hoke, Springfield, for plaintiff-appellant.

Lynn C. Rodgers, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, for defendant-respondent.

PREWITT, Chief Judge.

Carol Wehrs was appointed guardian and conservator for Gail Schleifer. See Chapter 475, RSMo Supp.1984. In that capacity, Wehrs filed a petition on October 9, 1984, asking for damages on behalf of Schleifer, claiming that defendant was negligent. See §§ 475.130.4 and 475.260.1, RSMo Supp.1984. On November 8, 1984, defendant filed a motion to dismiss.

Gail Schleifer died on January 15, 1985. Suggestion of his death was filed by defendant on January 22, 1985. On February 1, 1985, the trial court sustained defendant's motion and dismissed the petition. No substitution of parties had been made. See Rule 52.13(a)(1). After the dismissal, a notice of appeal was filed, stating that "Plaintiff" appealed. It is not necessary to decide whether that notice had any legal effect.

A judgment, whether for or against the plaintiff, entered after the plaintiff's death without substitution of parties, is void and there is no final, appealable judgment. *Haley v. City of Linn Creek*, 583 S.W.2d 590, 591 (Mo.App.1979). This statement does not apply to a dismissal under Rule 52.13(a)(1) for failing to serve a motion for substitution within ninety days after a suggestion of death is filed. Here, when the cause was dismissed, ninety days had not passed and the dismissal was not for lack of a motion to substitute.

That a conservator brought this action does not make its dismissal valid. Although the conservator's duties may continue for certain limited purposes after the death of the protectee, see *Estate of Livingston*, 627 S.W.2d 673, 679–680 (Mo.App.1982), this suit can no longer be maintained by the conservator. In *Howard v. Hollins*, 462 S.W.2d 765, 766 (Mo.1971), it was held that the death of the incompetent plaintiff terminated the guardian's authority with respect to the lawsuit. A judgment entered after the death without substitution of parties was declared void. The appeal was dismissed because there was no judgment to be affirmed or reversed.

*Howard* applies here. The changes in Chapter 475 since that decision do not call for a different result. Compare § 475.-285, RSMo 1959 (repealed 1983), with § 475.083, RSMo Supp.1984. The dismissal was void and there is no final, appealable judgment from which to appeal.

The appeal is dismissed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.