Herman **WILSON, Plaintiff–Appellant,**

**and**

**Clyde Murphy, Plaintiff,**

v.

**MERCANTILE BANK OF SPRING-FIELD and the Aetna Casualty and Surety Company, Defendants–Respondents.**

**No. 16323.**

Missouri Court of Appeals,
Southern District,
Division One.

June 25, 1990.

---

**498**

James S. Formby, Grain Valley, and Michael W. Walker, Kansas City, for plaintiff-appellant.

Glenn A. Burkart, Mann, Walter, Burkart, Weathers & Walter, Springfield, and Clyde G. Meise, Meise, Coen, Hutchison & Rumley, Kansas City, for defendants-respondents.

CROW, Presiding Judge.

Herman Wilson appeals from a judgment dismissing a first amended petition in which he and Clyde Murphy are named as plaintiffs, and Mercantile Bank of Springfield ("Mercantile") and The Aetna Casualty and Surety Company ("Aetna") are named as defendants.

The first amended petition (filed March 20, 1987) contains 12 counts and avers, among other things, that at all times therein mentioned Wilson and Murphy were doing business as Courtesy Car Company, a Missouri limited partnership, that from October 20, 1978, through February 11, 1979, a "discount agreement" existed between plaintiffs and Mercantile, that from July 10, 1978, through February 11, 1979, a "floor-plan agreement" existed between plaintiffs and Mercantile, that Mercantile breached the agreements, that on July 13, 1979, Mercantile commenced a replevin suit against plaintiffs in the Circuit Court of Greene County, that Aetna was surety on a $90,000 replevin bond in the replevin suit, that the replevin suit was ultimately dismissed by the circuit court November 14, 1983, for failure to prosecute, and that this constituted a breach of the replevin bond.

Count I of plaintiffs' first amended petition sought judgment against Aetna (alone) for $90,000. The other 11 counts sought judgment against only Mercantile.

Count II alleged that Mercantile made a fraudulent misrepresentation in regard to the "discount agreement," and prayed for actual and punitive damages. Count III sought an accounting for a number of plaintiffs' motor vehicles allegedly surrendered by Murphy to Mercantile on May 14, 1979. Count IV pled Mercantile's replevin suit constituted an "abuse of process," and prayed for actual and punitive damages. Count V averred Mercantile filed the replevin suit maliciously and without probable cause, and sought actual and punitive damages. Count VI alleged Mercantile breached a "fiduciary duty" owed plaintiffs by failing to deposit a certain sum in plaintiffs' account, and sought actual damages.

Count VII pled Mercantile negligently marked two of plaintiffs' checks with a notation that there were insufficient funds in plaintiffs' account to pay them, and prayed for actual and punitive damages. Count VIII pled that Mercantile defamed plaintiffs by stamping the insufficient funds notation on the checks mentioned in the preceding count, and prayed for actual and punitive damages. Count IX alleged that Mercantile converted $3,000 of plaintiffs' funds by failing to credit such funds to plaintiffs' account, and sought actual and punitive damages. Count X, denominated "prima facie tort," averred Mercan-

tile's acts were without justification and were intended to cause injury to plaintiffs, and prayed for actual and punitive damages. Count XI, characterized "breach of contract," sought actual damages for Mercantile's alleged breach of the "discount agreement." Count XII averred Mercantile tortiously interfered with plaintiffs' business relationships, and sought actual and punitive damages.

Aetna filed a motion to dismiss Count I of plaintiffs' first amended petition on the ground that it failed to state a claim upon which relief could be granted. Mercantile filed a motion to dismiss Counts II through XII on the ground that each of those counts failed to state a claim upon which relief could be granted and that each was "barred by the applicable statute of limitations."

On January 23, 1989, Mercantile filed a written suggestion of the death of plaintiff Murphy, stating he died January 17, 1989.

■ On March 16, 1989, the trial court entered judgment providing:

"It is ... ordered, adjudged and decreed that defendants' motion to dismiss be and it is hereby sustained; that plaintiffs' first amended petition be and the same is hereby dismissed, including each and all twelve counts thereof, and costs are assessed against plaintiff, Herman Wilson...."

Section 507.100, RSMo 1986, provides:

"1. (1) If a party dies and the claim is not thereby extinguished, the court shall on motion order substitution of the proper parties. The motion for substitution may be made by the successors or representatives of the deceased party or by any party...."

Rule 52.13 ¹ provides:

"(a) Upon Death.

(1) If a party dies and the claim is not thereby extinguished, the court may, upon motion, order substitution of the proper parties. Suggestion of death may be made by any party ... by the service of a statement of the fact of the death as provided herein for the service of a mo-

tion. A motion for substitution may be made by any party or by the successor or representative of the deceased party.... Unless a motion for substitution is served within 90 days after a suggestion of death is filed, the action shall be dismissed as to the deceased party without prejudice.

...."

The judgment of March 16, 1989, did not specify that the dismissal of plaintiffs' first amended petition was without prejudice. Rule 67.03 provides:

"A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party. Any ... involuntary dismissal other than one for lack of jurisdiction, for prematurity of action, for improper venue or for failure to substitute a party for a decedent shall be with prejudice unless the court in its order for dismissal shall otherwise specify."

It is evident that the trial court's dismissal of plaintiffs' first amended petition was an involuntary dismissal. Murphy was deceased, hence he could not move for or consent to the dismissal; Wilson filed a 12–page brief in the trial court in opposition to defendants' motions to dismiss.

Inasmuch as the dismissal was involuntary and was not specified to be without prejudice in the trial court's judgment, it was with prejudice and bars plaintiffs from future litigation of the claims in their first amended petition against Aetna and Mercantile. *Vandever v. Junior College District of Metropolitan Kansas City,* 708 S.W.2d 711, 715 (Mo.App.1986).

■ In purporting to dismiss plaintiffs' first amended petition with prejudice the judgment is, insofar as Murphy is concerned, identical to the judgment in *Schleifer v. Shuler,* 699 S.W.2d 794 (Mo.App. 1985). There one Wehrs was appointed guardian and conservator for one Schleifer.

**1.** Rule references are to Missouri Rules of Civil Procedure (20th ed. 1989).

In that capacity Wehrs filed a negligence action against one Shuler, seeking damages for Schleifer. Shuler filed a motion to dismiss. Schleifer died. Shuler filed a suggestion of Schleifer's death. The trial court subsequently granted Shuler's motion to dismiss. No substitution of a party plaintiff had been made. After the dismissal a notice of appeal was filed, stating that "Plaintiff" appealed. This Court held that a judgment, whether for or against a plaintiff, entered after the plaintiff's death without substitution of parties, is void and there is no final, appealable judgment. 699 S.W.2d at 795[1]. The opinion noted an exception where the dismissal is under Rule 52.13(a)(1) for failure to serve a motion for substitution within 90 days after a suggestion of death is filed. *Id.* The exception did not apply in *Schleifer*, as 90 days had not passed when the action was dismissed, and dismissal was not for lack of a motion to substitute. *Id.* The appeal was dismissed.

It is evident from *Schleifer* that the trial court in the instant case lacked authority to dismiss with prejudice the claims of Murphy in plaintiffs' first amended petition. Had no motion for substitution of the proper party for Murphy been served within 90 days after the filing of the suggestion of his death, the trial court could have dismissed Murphy's claims, but only without prejudice. Rule 52.13(a)(1). The trial court's judgment dismissing the first amended petition with prejudice was, so far as it purported to terminate the claims of Murphy, a nullity. *Schleifer*, 699 S.W.2d at 795[1]; *Earls v. Farmers Production Credit Ass'n.*, 763 S.W.2d 694, 698–700[3] (Mo.App.1988).

 Rule 74.01(b) provides:

"When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Inasmuch as the judgment purporting to dismiss the first amended petition with prejudice in the instant case was a nullity so far as the claims of Murphy were concerned, the judgment adjudicated fewer than all the claims. As the judgment contained no recital that it was adjudicating the claims of Wilson alone, and no express determination that there was no just reason for delay, the judgment did not, by reason of Rule 74.01(b), terminate the action as to any of the claims or parties, and was subject to revision at any time before entry of a judgment adjudicating all the claims and the rights and liabilities of all the parties.

 An appellate court lacks jurisdiction when the judgment appealed is not final. *Taylor v. F.W. Woolworth Co.*, 641 S.W.2d 108, 110[1] (Mo. banc 1982); § 512.020, RSMo 1986. It is our duty, *sua sponte*, to determine whether the judgment dismissing plaintiffs' first amended petition in the instant case is appealable. *First State Bank of Caruthersville v. Blades*, 680 S.W.2d 441, 441–42[1] (Mo.App.1984); *Killian Construction Co. v. Tri–City Construction Co.*, 632 S.W.2d 49, 50[1] (Mo. App.1982).

 As a general rule, for the purpose of appeal a judgment must be a final judgment and must ordinarily dispose of all parties and all issues in the case. *Stith v. St. Louis Public Service Co.*, 363 Mo. 442, 251 S.W.2d 693, 695[2] (1952); *Deeds v. Foster*, 235 S.W.2d 262, 265[4] (Mo.1951). As the judgment in the instant case was a nullity insofar as it purported to dismiss the claims of Murphy with prejudice, the judgment adjudicated fewer than all the claims. Because the judgment contained no recital that it was adjudicating the claims of Wilson alone, and no express determination that there was no just rea-

son for delay, the judgment did not satisfy the exception in Rule 74.01(b), quoted above. Consequently, the judgment is unappealable. *Plummer v. United Savings & Loan Ass'n.*, 781 S.W.2d 827, 828[2] (Mo.App.1989).

There being no appealable judgment, the appeal is dismissed.[2]

PREWITT and PARRISH, JJ., concur.

---

**2.** Aetna filed a motion to dismiss the appeal as to it on the ground that the notice of appeal was defective. Aetna's motion was taken with the case. Inasmuch as we have determined that there is no appealable judgment, Aetna's motion is moot.