**M. Louise PARKHURST,**
**Petitioner–Respondent,**

v.

**Raymond G. PARKHURST,**
**Respondent–Appellant.**

No. 58058.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Oct. 9, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Nov. 7, 1990.

Application to Transfer Denied
Dec. 18, 1990.

Benjamin F. Lewis, Cape Girardeau, for respondent-appellant.

Edward L. Downs, Cape Girardeau, for petitioner-respondent.

CRANE, Judge.

The daughters of the deceased respondent, Raymond G. Parkhurst, are attempting to appeal from an order of the trial court dismissing a pending action for dissolution of the marriage of M. Louise Parkhurst and Raymond G. Parkhurst where Raymond G. Parkhurst died prior to entry of judgment. We dismiss for lack of jurisdiction.

Even though the issue has not been raised by either party, it is our duty to determine the propriety of this appeal. *State ex rel. Missouri State Highway Patrol v. Klos,* 764 S.W.2d 520, 521 (Mo.App. 1989); *Proctor v. Director of Revenue,* 753 S.W.2d 69, 70 (Mo.App.1988).

In the underlying action, M. Louise Parkhurst [Wife] filed a Petition for Dissolution of Marriage. Raymond G. Parkhurst [Husband] answered and filed a cross petition for dissolution. The dissolution hearing was held on February 13, 1990. After the hearing the parties announced that they had reached an agreement, which was read into the record. The court took the matter under advisement pending receipt of a written decree. Two days later and before any decree was entered, Husband died. Consequently, Wife filed a motion to dismiss the dissolution action, which was sustained on February 23, 1990.

On March 2, 1990 Husband's daughters filed a notice of appeal as "Heirs of Raymond G. Parkhurst." Husband's "heirs" were not named as parties to the underlying action and they were not added as parties by order of the trial court. For one to be a party to a civil lawsuit, that person must not only have some actual and justiciable interest susceptible of protection, but also must either be named as a party in the original pleadings or later be added as a party by trial court order under an appropriate rule or statute. *Proctor, supra,* 753 S.W.2d at 70. In order to appeal from a final judgment of the trial court, one must have been a party to the suit before the trial court. § 512.020 RSMo 1986. There is nothing in the record to indicate that Husband's daughters or heirs sought to become parties to the proceedings in the trial court or that the trial court entered any order naming them as parties in any capacity.

We note that the trial court would not have had the power to substitute the daughters as parties [1] because Husband's death prior to the entry of a decree by the trial court caused the immediate abatement and final termination of the dissolution proceeding. *Smithart v. Sportsman*, 614 S.W.2d 320, 322 (Mo.App.1981). Rule 52.-13 [2] allows substitution of proper parties upon the death of a party only if the claim is not extinguished by death.

Because the daughters were not parties to the action in the trial court, they have no right to appeal an order of that court and we have no jurisdiction to entertain their appeal from the order of dismissal. *Proctor, supra*, 753 S.W.2d at 71; *Klos, supra*, 764 S.W.2d at 521.

The appeal is dismissed for lack of jurisdiction.

CRANDALL, C.J., and REINHARD, J., concur.

---

**1.** They have sought an order from this court to be substituted as parties to the appeal. Because we have no jurisdiction to hear the appeal, we do not have jurisdiction to hear that motion.

**2.** Rule references are to Missouri Rules of Civil Procedure (21st ed. 1990).