**John G. BOCK by Personal Representative, Jane HEINTZ, Appellant,**

v.

**Gene F. HUDKINS and Janet Hudkins, Respondents.**

No. 16880.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 26, 1991.

Rehearing Denied March 18, 1991.

Janice P. Noland, Camdenton, for appellant.

William Icenogle, Icenogle & Icenogle, Camdenton, for respondents.

CROW, Judge.

This is a purported appeal from an order granting a motion to dismiss a "Second Amended Petition for Partition of Land." For the reasons that follow, we dismiss the appeal.

The facts are few and undisputed.

The action began August 12, 1986, when plaintiff John G. Bock sued two defendants: Gene F. Hudkins and his wife, Janet. The petition prayed for a decree setting aside a 1984 deed by which plaintiff conveyed a parcel of real estate to himself and defendant Gene F. Hudkins "as joint tenants with right of survivorship and not as tenants in common."

On September 18, 1987, plaintiff filed the second amended petition referred to in the first paragraph of this opinion. That pleading averred plaintiff's interest in the parcel was one-half and defendants' interest was one-half. Plaintiff prayed for par-

tition according to the parties' respective interests.

On March 24, 1988, the parties appeared in the trial court by their respective lawyers and announced no dispute existed regarding the partition. In a docket entry that date the trial court found the parcel should be partitioned and ordered it sold, the net proceeds to be divided half to plaintiff and half to defendants. Plaintiff's lawyer was ordered to prepare a "judgment entry" and to assist the commissioner in conducting a public sale.

The next activity of record occurred December 27, 1989, when the trial court filed a formal judgment consistent with the docket entry 21 months earlier.

On January 4, 1990, defendants filed a motion to dismiss plaintiff's second amended petition. Defendants' motion alleged plaintiff died December 31, 1989, and that no sale in partition had been held. Defendants' motion further asserted that at the time of plaintiff's death he and defendant Gene F. Hudkins owned the parcel as joint tenants with right of survivorship and not as tenants in common. Consequently, reasoned the motion, defendant Gene F. Hudkins had become owner of the entire interest in the parcel and there were no grounds for partition, making the action moot.

On February 8, 1990, a document designated "Suggestion of Death and Motion for Leave to File Substitute Party" was filed in the trial court. It read:

"Comes Now Janice P. Noland, attorney for Plaintiff and states to the Court that Plaintiff died December 31, 1989. That Plaintiff's will has been filed in Probate Court of Camden County and Jane Heintz is the duly appointed Personal Representative. See attached Exhibit 'A'."

Attached to the above document was a certified copy of letters testamentary issued by the Probate Division of the Circuit Court of Camden County appointing Jane Heintz personal representative in the Estate of John G. Bock, Deceased.

On February 13, 1990, the trial court took up defendants' motion to dismiss. The parties were granted time to file suggestions. The trial court's docket entry included this: "Motion to substitute passed."

On March 5, 1990, the trial court entered this order:

"... Court finds that the court's docket entry of 3/24/88 & formal judgment entry dated 12/27/89 was not a final judgment. Court holds that in a partition suit, final judgment is not had until the sale is approved. Therefore court finds that since the sale had not been had nor deeds signed on 12/31/89 when Pl died, that Pl still owned ½ int. in joint tenancy w/ Deft at the time of his death. On his death Deft became vested w/ full ownership to the property. The partition is now moot. Motion to dismiss sustained. Costs to Pl & Pl's estate."

This appeal followed. The notice of appeal, signed by the lawyer who was representing plaintiff when he died, names the appellant as: "John G. Bock, by personal representative, Jane Heintz."

Defendants maintain the appeal should be dismissed inasmuch as "there is no proper party appellant appearing herein." Defendants correctly point out the trial court never entered an order substituting anyone as a party plaintiff after the death of plaintiff John G. Bock.

Rule 52.13, Missouri Rules of Civil Procedure (20th ed.1989), was in effect when plaintiff died. Paragraph "(a)" of Rule 52.13 reads the same today as it did then. It provides:

"(1) If a party dies and the claim is not thereby extinguished, the court may, upon motion, order substitution of the proper parties. Suggestion of death may be made by any party or person in interest by the service of a statement of the fact of the death as provided herein for the service of a motion. A motion for substitution may be made by any party or by the successor or representative of the deceased party.... Unless a motion for substitution is served within 90 days after a suggestion of death is filed, the action shall be dismissed as to the deceased party without prejudice.

...."

Here the trial court dismissed the action as moot, finding that upon plaintiff's death, "Deft"—presumably defendant Gene F. Hudkins—became vested with full ownership of the property. The dismissal was not ordered because no motion for substitution was served within 90 days after the filing of the suggestion of plaintiff's death.[1] Furthermore, the order did not specify the dismissal was without prejudice. It is thus evident the trial court was not proceeding under Rule 52.13(a)(1) in ordering the dismissal.

In *Schleifer v. Shuler*, 699 S.W.2d 794 (Mo.App.1985), Carol Wehrs was guardian and conservator for Gail Schleifer. In that capacity Wehrs filed a negligence action against one Shuler, seeking damages for Schleifer. Shuler filed a motion to dismiss. Schleifer thereafter died. Shuler filed a suggestion of Schleifer's death. The trial court granted Shuler's motion to dismiss. No substitution of a party plaintiff had been made. After the dismissal a notice of appeal was filed, stating that "Plaintiff" appealed.

This Court held that a judgment, whether for or against a plaintiff, entered after the plaintiff's death without substitution of parties is void and there is no final, appealable judgment. *Id.* at 795[1]. The opinion noted an exception where the dismissal is under Rule 52.13(a)(1) for failure to serve a motion for substitution within 90 days after a suggestion of death is filed. *Id.* The exception did not apply in *Schleifer*, as 90 days had not passed when the action was dismissed, and dismissal was not for lack of a motion to substitute. *Id.* The appeal was dismissed for lack of a final, appealable judgment. This Court found it unnecessary to decide whether the notice of appeal had any legal effect.

■ The instant case is like *Schleifer* except that here the notice of appeal identifies the appellant as the personal representative of the deceased plaintiff, not the deceased plaintiff himself. That, however, does not change the result. The order dismissing the action is void, as it was entered after plaintiff's death without substitution of a party for him and was unauthorized by Rule 52.13(a)(1) in that it was entered prior to expiration of 90 days after the suggestion of plaintiff's death and was not a dismissal without prejudice. *Schleifer*, 699 S.W.2d at 795[1]. Consequently, there is no final, appealable judgment. *Id.*

■ Moreover, as the named appellant (Personal Representative Heintz) was never a party to the action in the trial court she has no right to appeal an order of that court. *Parkhurst v. Parkhurst*, 799 S.W.2d 159, 160–61 (Mo.App.1990). We therefore have no jurisdiction to entertain her purported appeal from the order of dismissal. *Id.*

Appeal dismissed.

FLANIGAN, C.J., and SHRUM, J., concur.

---

1. Defendants argue the "Suggestion of Death and Motion for Leave to File Substitute Party" filed in the trial court February 8, 1990, is not a proper motion for substitution, as it does not pray that Personal Representative Heintz or anyone else be substituted for plaintiff. We need not address that subject.