Verne L. ABEL, Deceased, by and through William ABEL, Employee/Appellant,

v.

MIKE RUSSELL'S STANDARD SERVICE, Employer/Respondent,

and

Grinnell Mutual Reinsurance Company, Insurer/Respondent.

No. 19886.

Missouri Court of Appeals, Southern District, Division One.

June 15, 1995.

Rehearing Denied June 28, 1995.

David F. Sullivan, Schmidt, Kirby & Sullivan, P.C., Springfield, for appellant.

William D. Powell, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for respondents.

MONTGOMERY, Judge.

Verne L. Abel filed a claim for compensation against his employer, Mike Russell's Standard Service, and the employer's insurer, Grinnell Mutual Reinsurance Company, under the Workers' Compensation Law, chapter 287.[1] The claim for compensation alleged that on March 27, 1991, "Claimant was at the gas pumps, underneath the canopy. The automobile exhaust and/or gasoline fumes caused him to pass out. He fell backwards and hit his head on the pavement."

After an evidentiary hearing, an administrative law judge (ALJ) of the Division of Workers' Compensation denied the claim. The employee filed an application for review with the Labor and Industrial Relations Commission (Commission) on August 24, 1993.

On March 31, 1994, William B. Abel filed a "Motion to Substitute Claimant" with the Commission, along with a suggestion of death.[2] Pertinent provisions of these pleadings recite:

(a) Verne L. Abel died intestate on November 21, 1993;

(b) Verne L. Abel's successor to his rights and benefits under the Workers' Compensation Act is his only heir and natural child, William B. Abel, movant herein. William B. Abel desires to pursue the above-entitled cause on behalf of his father, now deceased.

William B. Abel, a resident of Iowa, made no allegation that he was a dependent[3] of his father (65 years old on date of death) or that he was the personal representative of his father's estate. *See* § 287.230.

The next activity in the record before us occurred on October 17, 1994, when the Commission, by a two to one vote, upheld the award of the ALJ.

This appeal followed. The notice of appeal indicates that the appellant is "Verne Abel, Deceased, by William Abel, Substitute Claimant."

 Even though not raised by either side, an appellate court is obligated to notice *sua sponte* matters preventing it from obtaining jurisdiction. *Committee for Educ. Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994). An appellate court lacks jurisdiction whenever the judgment appealed is not final. *Taylor v. F.W. Woolworth Co.*, 641

---

1. Statutory references are to RSMo 1986 unless otherwise indicated.

2. A certified copy of the death certificate attached to these pleadings indicates that Verne L. Abel died due to lung cancer, not due to his alleged head injury sustained on March 27, 1991. *See* § 287.230.2.

3. The word "dependent" as used in chapter 287 applies to certain relatives of the deceased employee. A deceased employee's child under the age of 18 years is conclusively presumed to be dependent for support on the decedent. Under certain conditions, a child over the age of 18 years can be entitled to the same presumption. See § 287.240(4)(a) and (b).

S.W.2d 108, 110 (Mo. banc 1982). Likewise, we have no appellate jurisdiction in a workers' compensation case except as provided by statute. *Hillenburg v. Lester E. Cox Medical Ctr.,* 879 S.W.2d 652, 655 (Mo.App.1994). Section 287.495 authorizes an appeal from the "final award of the commission ... to the appellate court." A "final award" is one which disposes of the entire controversy between the parties. *Boatner v. Slusher, Inc.,* 614 S.W.2d 35, 36 (Mo.App.1981).

■ Our concern here is whether the Commission's award disposed of a controversy between two parties. Nothing in the record indicates that the Commission entered an order substituting anyone as a party for the decedent, Verne L. Abel. Our review is based only on the record on appeal. Appellant has the duty to furnish the records necessary to review issues. *Galpine v. Duffe,* 861 S.W.2d 204 (Mo.App.1993). In their absence, we have nothing to decide. *Id.* As this case stands, the Commission's award was entered without the substitution of any party.

Because Verne L. Abel died during the pendency of his workers' compensation claim, § 287.580 is applicable. That section provides:

> If any party shall die pending any proceedings under this chapter, the same shall not abate, but on notice to the parties may be revived and proceed in favor of the successor to the rights or against the personal representative of the party liable, in like manner as in civil actions.

Clearly, § 287.580 provides that decedent's claim, pending before the Commission, does not abate by reason of his death. The statute further provides for the continuation of the claim in favor of the decedent's "successor" in the same manner as in civil actions.

■ When a party to a civil action dies, and the claim is not extinguished, substitution of a proper party is necessary. Rule 52.13(a)(1) provides, in pertinent part, that "[i]f a party dies and the claim is not thereby extinguished, the court may, upon motion, order substitution of the proper parties." Section 507.100.1(1) contains similar language to this rule except the statute states that "the court shall on motion order substitution of the proper parties."

■ *Schleifer by Wehrs v. Shuler,* 699 S.W.2d 794, 795 (Mo.App.1985), held that a judgment, whether for or against the plaintiff, entered after the plaintiff's death without substitution of parties under Rule 52.13(a)(1) is void and there is no final appealable judgment. In *Bock by Heintz v. Hudkins,* 807 S.W.2d 124 (Mo.App.1991), an order was entered after plaintiff's death without substitution of a party for him. This Court held that the order was void as it was entered after plaintiff's death without substitution of a party for him and was unauthorized by Rule 52.13(a)(1). *Id.* at 126. Therefore, there was no final appealable judgment.

The instant case is like *Schleifer* and *Bock* in that the Commission entered an award after Verne L. Abel's death without an order substituting a party for him.[4] Rule 52.13(a)(1) was not followed. Consequently, there is no final appealable award.

Appeal dismissed.

SHRUM, C.J., and FLANIGAN, J., concur.

---

4. Although substitution of a party in a workers' compensation case was not an issue in *Scannell v. Fulton Iron Works Co.,* 365 Mo. 889, 289 S.W.2d 122 (1956), the procedure necessary for substitution of a party was apparently followed. There, the employee died while his claim was pending. The Commission entered its order substituting the employee's widow as claimant after determining that she was the sole and total dependent. The order followed the widow's application for her substitution and a suggestion of death. *Id.* at 123.