**Daniel B. GOULD, M.D., Plaintiff–Appellant,**

**v.**

**MISSOURI STATE BOARD OF REGISTRATION FOR the HEALING ARTS, Deaconess Health Services Corp., Kemper Coffelt, Esq., and William T. Morgan, Defendants–Respondents.**

**No. 60589.**

Missouri Court of Appeals, Eastern District, Division Two.

March 17, 1992.

Gerald K. Rabushka, Cynthia A. Frank, St. Louis, for plaintiff-appellant.

William L. Webster, Atty. Gen., Sara L. Trower, Asst. Atty. Gen., Jefferson City, for defendants-respondents.

CRANDALL, Judge.

Plaintiff, Dr. Daniel Gould, appeals from the dismissal with prejudice of three counts of a four count petition. We dismiss the appeal.

Plaintiff filed his first amended petition, which contained four counts, in the City of St. Louis. In Counts I, II and III respectively, plaintiff sought an order quashing a subpoena duces tecum, a writ of prohibition, and a writ of mandamus against the State Board. In Count IV, plaintiff sought money damages from a second defendant, an investigator employed by the State Board. The State Board withdrew the subpoena and filed a motion to dismiss all counts against the State Board. The State Board also filed a motion to dismiss the final count for damages against the second defendant. The trial court granted the motion to dismiss Counts I, II and III. As to Count IV, the trial court found that venue was in Cole County and transferred it to that county for further proceeding. The record does not indicate a final disposition of Count IV.

We first inquire into our jurisdiction to hear this appeal. While neither party raised the issue of appellate jurisdiction, it is our duty to do so *sua sponte*. *Wilson v. Mercantile Bank of Springfield*, 791 S.W.2d 497, 500 (Mo.App.1990).

An appellate court only has jurisdiction over final judgments. *Wilson*, 791 S.W.2d at 500. As a general rule, a final judgment disposes of all issues and all parties in the case and leaves nothing for future determination. *Wilson*, 791 S.W.2d at 500; *Bay's Texaco Service and Supply Company, Inc. v. Mayfield*, 792 S.W.2d 50, 51 (Mo.App.1990); Rule 74.01(b). If a trial court designates an order that adjudicates fewer than all the claims or disposes of fewer than all parties as final for purposes of appeal, the trial court must also make "an express determination that there is no just reason for delay." Rule 74.01(b). This designation and determination is necessary before any appellate review of the merits of the case. *Bay's Texaco Service*, 792 S.W.2d at 51.

Here, Count IV remains pending. The trial court made no finding, express or otherwise, that there was no just reason for delay the appeal from the dismissal of Counts I, II, and III. Thus, the order of the trial court cannot be considered final and this court must dismiss the appeal.

Appeal dismissed.

GRIMM, P.J., and PUDLOWSKI, J., concur.