Dennis **COMSTOCK, Appellant,**

**and**

**Jessie Comstock, Appellant,**

v.

**Martha Irene WALSH, M.D., and Children's Mercy Hospital, Respondents.**

**Jessie COMSTOCK, Appellant,**

v.

**Martha Irene WALSH, M.D., and Children's Mercy Hospital, Respondents.**

**Nos. WD 45697, WD 45783.**

Missouri Court of Appeals, Western District.

Dec. 1, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 22, 1992.

Application to Transfer Denied March 23, 1993.

Elizabeth Diane Baker, Kansas City, for appellant Dennis Comstock.

Jacqueline K. McGreevy, Kansas City, for appellant Jessie Comstock.

Nancy E. Kenner, Kansas City, for respondent.

Before KENNEDY, P.J., and SPINDEN and SMART, JJ.

KENNEDY, Presiding Judge.

Plaintiffs are Dennis Comstock, non-custodial father of Jessie Comstock, and Jessie Comstock, represented by Dennis Comstock as next friend. The exact age of the child is not shown in the record, but apparently she was something like three years old. The trial court dismissed plaintiffs' petition against Children's Mercy Hospital and Martha Walsh, M.D., which alleged that the defendants had been guilty of medical malpractice in the mistaken diagnosis of sexual abuse of plaintiff Jessie Comstock, resulting in damage to the father and to the little girl herself. The physician's negligence allegedly consisted of failing to take indicated steps to identify the presence of sexual abuse practiced upon the little girl. The hospital, according to the petition, was liable as the physician's employer under respondeat superior principles, and also for its own negligence in not establishing a protocol for the diagnosis of young children alleged to have been sexually abused.

The meager facts shown in the record are that the mother of the child—who lived with the child in Johnson County, Kansas—brought her into Children's Mercy Hospital with a "pain in the bottom", claiming the child had been sexually abused. Dr. Martha Walsh conducted an examination, which included questioning the little girl with the aid of anatomically correct dolls. Dr. Walsh reported suspected sexual abuse to the Prairie Village (Kansas) police.

A Kansas proceeding followed with respect to the custody of the child and the father's visitation privileges, which resulted in limitation of father's visitation privileges. Later, this lawsuit was filed.

We have only one issue before us. That issue is whether Section 210.135, RSMo 1986,[1] gives Dr. Walsh and Children's Mercy Hospital immunity from liability for alleged negligence in the diagnosis of "suspected child abuse." The trial court held it does, and that is the only ground advanced by Dr. Walsh and the hospital in their brief for sustaining the trial court's dismissal. While we affirm the trial court's summary judgment on any ground supported by the record, whether relied upon by the trial court or not, *Strunk v. Hahn*, 797 S.W.2d 536 (Mo.App. 1990), we ordinarily confine ourselves to grounds advanced in respondent's brief; we do not on our own initiative go into the countryside searching for a ground to sustain the summary judgment. *Thomas v. DeGrace*, 776 S.W.2d 500 (Mo.App.1989). We rule the issue whether defendants are immune from liability under section 210.-135, and that issue alone.

We hold in the circumstances of this case, that section 210.135 does not give Dr. Walsh and the hospital immunity from liability for malpractice in the examination of the child for indications of sexual abuse and the diagnosis of sexual abuse.

The parties have concentrated upon the question whether section 210.135, besides granting to the reporter immunity from liability for reporting suspected sexual abuse, also grants immunity from liability for negligence in the examination and diagnosis preceding the report. Defendants say the statute does grant that immunity, while plaintiffs say it does not. Their arguments do not distinguish between reports made to the division of family services and reports made, as this one was, to other persons or agencies. Assuming immunity from liability for making the report, does section 210.135 grant immunity from liability for negligence in the examination and diagnosis preceding the report? We do not reach the question, because we hold the immunity granted by section 210.135 does not include the report to the Prairie Village Police Department. It could not,

therefore, include the examination and diagnosis leading up to the report.

Section 210.135 establishes immunity for "any person, official or institutions complying with the provisions of sections 210.110 to 210.165 in the making of a report, the taking of color photographs, and making of radiologic examinations, or the removal or retaining of a child pursuant to sections 210.110 to 210.165, or in cooperating with the division in any of its activities pursuant to sections 210.110 to 210.165...."

The immunity granted by this statute is only for acts done to comply with sections 210.110 to 210.265. As long as the reporting person, official or institution stays within the boundaries of this system of statutes, he or it is immune from liability. That system requires certain persons, including physicians, to report cases of suspected child abuse to the Division of Family Services. Section 210.115.1. There is no provision for making the report to any other person or agency. In this case, the examination of the child by the physician at Children's Mercy Hospital, and the report made in pursuance thereof, had no reference to the protocol of sections 210.110 to 210.265. The report of suspected child abuse was made, not to the Division of Family Services, but to the Prairie Village Police Department in Kansas.

There is nothing in section 210.135 to give immunity from liability for a child abuse report made to a police department by a physician or hospital. It follows that the section does not give immunity for liability growing out of the examination and diagnosis preceding the report.

Judgment reversed and cause remanded to the trial court for further proceedings.

All concur.

---

1. All statutory references are to RSMo 1986 unless otherwise noted.