Henry ROLLIE, Appellant,

v.

Carol RICHMOND, George A. Lombardi, and Dick D. Moore, Respondents.

No. WD 47068.

Missouri Court of Appeals, Western District.

Aug. 31, 1993.

**384**

Henry Rollie, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., June Striegel Doughty, Asst. Atty. Gen., Jefferson City, for respondents.

Before ULRICH, P.J., and BERREY and SMART, JJ.

PER CURIAM:

Plaintiff Henry Rollie appeals from summary judgment awarded on the motion of defendants George A. Lombardi, Dick D. Moore, and Carol Richmond. The judgment is not final as to at least one other defendant, and the appeal is dismissed.

Mr. Rollie, who was an inmate at the Missouri Training Center for Men in Moberly (MTCM), filed suit in small claims court to recover for damage to his television set while it was in the property room at MTCM. Named defendants were Jim Jones (Supervisor at MTCM), a "Sgt. Hendren," a "C.O. Richmond," Michael Baine (the property room sergeant), George Lombardi (Director, Division of Adult Institutions), and Dick Moore (Director of Corrections and Human Resources). Mr. Rollie alleged that on January 16, 1989, Sgt. Hendren and Officer Richmond took his television set to the property room and that Sgt. Baine caused the television to strike a property cart which broke the on/off switch. Apparently, Sgt. Baine admitted that he had broken the switch, and it was repaired at the institution's expense. However, Mr. Rollie alleged that the television must have incurred other damage when it was bumped against the cart because the set was "no longer operational." Mr. Rollie specifically averred:

> As a direct and proximate cause of officers or defendants' negligence in hitting or knocking the T.V. against the property cart resulted in the real and physical damage to the exterior of the set that support the internal damage.

The case was dismissed for failure to state a cause of action, and Mr. Rollie applied to the circuit court for trial de novo.

In the circuit court, the attorney general's office filed a motion for summary judgment on behalf of defendants Mr. Lombardi, Mr. Moore, and Officer Richmond. The motion stated that there had been no entry of appearance made on behalf of defendants Sgt. Baine or Sgt. Hendren and a suggestion of death was filed by the attorney general on behalf of defendant Mr. Jones. The motion claimed that defendants Mr. Jones, Mr. Lombardi and Mr. Moore were entitled to summary judgment because they were not involved with the custody of Mr. Rollie's television and cannot be liable for Sgt. Baine's negligence under a theory of respondeat superior absent some personal involvement. The motion further argues that defendants Mr. Jones, Mr. Lombardi and Mr. Moore were officially immune from suit arising from their discretionary conduct. The motion also states that Mr. Rollie had not alleged that Officer Richmond caused any injury to his property, and an affidavit filed later shows that she was not employed by MTCM at the time of the incident. Attached to the motion are the records showing defendants Mr. Jones, Mr. Lombardi and Mr. Moore denied Mr. Rollie's grievance. The finding was that the picture tube did not operate due to age

or usage. The summary judgment was not filed on behalf of Sgts. Hendren and Baine, and the motion does not advance any theories to support summary judgment in favor of them.

Mr. Rollie responded to the motion. He first argued that he had no notice that the attorney general would not appear on behalf of defendants Sgts. Baine and Hendren. Mr. Rollie requested that the court order MTCM's new chief administrative officer to replace Mr. Jones as a named defendant, and he also filed a separate motion to substitute. Neither motion specifically names Mr. Jones' successor.

Mr. Rollie sets forth federal case law regarding summary judgments and argues that section 217.200, RSMo 1986 (repealed 1989), which was in effect at the time of the incident, required the chief administrative officer of the institution or his designee to take charge of all money or property as a ministerial act. Mr. Rollie avers that the defendants admitted they took possession of his television and that while it was in the possession of one of them, specifically Sgt. Baine, it was negligently mishandled and broken. He further argues that "defendants Jones, Lombardi and Moore ... [had] the responsibility and duty to promulgate rules, regulations and policies for their subordinates," and that their failure to do so was a "breach [of] their ministerial duty."

The motion was argued to the court on October 21, 1992. Mr. Rollie did not appear. The assistant attorney general restated the arguments set forth in defendants Mr. Moore, Mr. Lombardi and Officer Richmond's motion for summary judgment. She also stated on the record:

Michael Bain[e] and Sgt. Hendren have also been named in this lawsuit. Michael Bain[e] was the property officer. He was not employed at the time when Mr. Rollie filed his lawsuit, and, therefore, the Attorney General's office would not waive service of process for him. Service has not been obtained on either of those Defendants.

However, the docket sheet shows an entry, "9/17/90 Service." No other entry shows that any summons was returned without service or non est. After argument the court made the following docket entry:

Comes the Defendants by their attorney Asst. Atty. General Christine A. Alsop. Plaintiff was notified of this setting and has filed various documents herein some of which request that the court overrule Defendant's motion for summary judgment. Defendant's Motion for Summary Judgment is taken up argued and submitted to the court. The court considers the motion and all documents of record pertaining to said motion and does hereby sustain said motion and enters a judgment that this cause be dismissed and defendant should be notified. CMB

Mr. Rollie appeals, listing as defendants on his notice of appeal *all* defendants originally named. An assistant attorney general has entered an appearance on behalf of "respondents in this case." Mr. Rollie claims that the trial court erred in sustaining defendants' motion for summary judgment because defendants did not establish both the absence of a genuine issue of material fact and that defendants were entitled to a judgment as a matter of law.

Mr. Rollie's brief argues that defendants did not meet their burden of proving summary judgment in that there was evidence that the prison authorities took possession of his property, and three days later his television set was returned to him broken beyond repair. In his statement of facts, Mr. Rollie specifically sets forth the facts supporting his claims against Sgt. Baine. The respondents' brief states, "No appearance has ever been made on behalf of Sgts. Hendren or Baine and these individuals are not currently parties to this appeal." The remainder of the brief again sets forth argument regarding official immunity for defendants Mr. Jones, Mr. Lombardi, and Mr. Moore, and the fact that defendant Officer Richmond was not employed by MTCM at the time of the incident.

■ This court has a duty to determine *sua sponte* whether it has jurisdiction to entertain the appeal. *Molasky v. Brown*, 720 S.W.2d 412, 414 (Mo.App.1986). Only defendants Mr. Lombardi, Mr. Moore, and Officer

Richmond moved for summary judgment, and it was that motion which the trial court granted. Because the court failed to state which parties were included in the dismissal pursuant to the motion, on appeal it is assumed that the grounds for the ruling are those stated in the motion for summary judgment filed by defendants Mr. Lombardi, Mr. Moore, and Officer Richmond. *Id.*

■ Appeal does not lie under Rule 74.-01(b). The record discloses that at least one party remains in the case pending before the circuit court, Sgt. Michael Baine.[1] The record before this court does not disclose that service of process was in any way deficient as to Sgt. Baine. For a judgment to be final and appealable, it must dispose of all parties and all issues in the case, leaving nothing for future determination. *Around the World Importing, Inc. v. Mercantile Trust Co. Nat'l Ass'n,* 771 S.W.2d 919, 922 (Mo.App.1989). The exception occurs when the trial court designates its judgment adjudicating fewer than all claims or disposing of fewer than all the parties as final for purposes of appeal and makes the express determination that there is no just reason for delay before appellate review of the merits of the case can occur. *Gould v. Missouri State Bd. of Registration for Healing Arts,* 826 S.W.2d 101, 102 (Mo.App.1992). The summary judgment in this case is not a final judgment in that it does not dispose of all parties and all issues. *Around the World Importing, Inc.,* 771 S.W.2d at 922. The trial court did not designate the judgment final for purposes of appeal, nor did the trial court expressly determine that a just reason for delay did not exist to permit appellate review on the merits of the case. *Gould,* 826 S.W.2d at 102.

The appeal is dismissed.

1. It also appears that Sgt. Hendren and Mr. Jones's successor (pursuant to Rule 52.13(d)) may still be defendants.