**BEELMAN RIVER TERMINALS, INC., Plaintiff/Appellant,**

v.

**MERCANTILE BANK, N.A., Defendant/Respondent.**

No. 63100.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 26, 1993.

Rehearing Denied Dec. 8, 1993.

John J. Gazzoli, Jr., Lewis, Rice & Fingersh, Theodore H. Lucas, St. Louis, for plaintiff, appellant.

Gary Mayes, James W. Erwin, Thompson & Mitchell, St. Louis, for defendant, respondent.

AHRENS, Judge.

Plaintiff Beelman River Terminals, Inc., (Beelman) filed a seven count first amended petition against Mercantile Bank, N.A., (Mercantile) on December 3, 1990. Beelman appeals the trial court's judgment notwithstanding the verdict on count V for tortious interference with contract and business expectancy and the trial court's dismissal of count VI for ejectment. We dismiss.

On May 31, 1988, Beelman, as lessee, entered into a twenty-two year lease with the Port Authority, as lessor, of the City Municipal Terminal (Terminal). Terminal is a parcel of developed riverfront property used to load and unload commodities from various modes of transportation, including barges, trucks, and trains.

As a result of a deed in lieu of foreclosure, Mercantile acquired a similar property immediately adjacent and to the south of Beelman's property. A dispute arose between Beelman and Mercantile concerning the southernmost portion of Beelman's property. Beelman challenged the placement of Mercantile's loading dock which encroached on 165 feet of Beelman's mooring rights.

When efforts to resolve the encroachment problem between Beelman and Mercantile failed, this suit arose. Beelman filed a seven count petition against Mercantile alleging

breach of contract (counts I & IV), breach of covenant of quiet enjoyment (count II), fraudulent inducement (count III), tortious interference with contract and business expectancy (count V), ejectment (count VI) and civil conspiracy to breach a contract (count VII). On April 9, 1991, the trial court dismissed Beelman's count VI alleging ejectment. This dismissal did not contain an express determination that there was no just reason for delay. On July 22, 1992, a memorandum for the clerk was filed with the trial court stating that counts I, II, III, and IV were passed for settlement and that count VII was dismissed without prejudice prior to the introduction of evidence. The trial court, however, never entered an order dismissing counts I through IV. On July 24, 1992, a jury returned a verdict on count V for Beelman in the amount of $225,000.00. The trial court, however, granted Mercantile's motion for judgment notwithstanding the verdict and conditionally granted Mercantile's motion for a new trial on November 2, 1992. This appeal followed.

While neither party raised the issue in their briefs or arguments, we must first consider our appellate jurisdiction. *Gould, M.D. v. Missouri State Bd. of Registration for the Healing Arts*, 826 S.W.2d 101, 102 (Mo.App.1992). As an appellate court, we only have jurisdiction over final judgments. *Id.* A judgment is final if it disposes of all parties and all issues in a case and leaves nothing for future determination. *Id.* When more than one claim for relief is presented in a case, a court may enter a judgment as to fewer than all the claims only upon an express determination that there is "no just reason for delay." Rule 74.01(b). Absent such a determination and designation, the judgment is not final and an appellate court is without jurisdiction. *Gould*, 826 S.W.2d at 102.

In this case, counts I, II, III, and IV were passed for settlement. The record does not indicate a final disposition of these counts. In regard to an appeal on counts V and VI, the trial court has not made a finding that there is no just reason for delay. Without such a finding, the judgment of the trial court cannot be considered final and we are without jurisdiction.

Appeal dismissed.

GRIMM, P.J., and CARL R. GAERTNER, J., concur.