**Joseph MORELAND, Jr., Appellant,**

v.

**Helen Marie FARREN–DAVIS,
et al., Respondents.**

No. WD 55794.

Missouri Court of Appeals,
Western District.

June 22, 1999.

Patrick J. Berrigan, Kansas City, for appellant.

Jill E. Frost, Sandra C. Midkiff, Kansas City, for respondents.

Before EDWIN H. SMITH, P.J., and HANNA and SPINDEN, JJ.

PER CURIAM.

Joseph Moreland, Jr., appeals from the summary judgment of the circuit court in favor of the respondents, Helen Marie Farren–Davis, William Davis, and Karen Davis, on his claim against them for damages for the personal injuries he sustained when he was stabbed by Ramon Gonzales, who he alleges was a tenant and employee of the respondents.

In his sole point on appeal, the appellant claims that the trial court erred in entering summary judgment in favor of the respondents because there was a genuine dispute as to the material facts on which the respondents relied for summary judgment.

We dismiss for a lack of jurisdiction.

## Facts

On September 13, 1992, the appellant was involved in an altercation with Gonzales and was stabbed. The stabbing took place at 3928 Terrace in Kansas City, Missouri, on property owned by the respondents, William Davis (William) and Karen Davis (Karen). Both the appellant and Gonzales lived in an apartment building owned by respondent Helen Marie Farren–Davis (Helen), William's stepmother, located at 3932 Terrace. Gonzales was subsequently arrested and charged with assault in the first degree. On October 7, 1992, he pled guilty and was sentenced to ten years imprisonment with a suspended execution of sentence and four years probation.

As a result of the stabbing, the appellant filed a one-count petition for damages in the Circuit Court of Jackson County on August 20, 1996, naming the respondents as defendants. In the petition, the appellant alleged that Gonzales lived at 3932 Terrace in the apartment building owned by Helen. He also alleged that William and Karen managed the 3932 property on behalf of Helen and had hired Gonzales to do odd jobs at both 3928 and 3932 Terrace in return for a reduction in his rent. He further alleged that all of the respondents knew or should have known, prior to the stabbing, that Gonzales was dangerous and should have taken action to prevent the stabbing. In this respect, the appellant alleged that the respondents were negligent in: (1) failing to protect him from Gonzales; (2) failing to exclude Gonzales from the premises where the stabbing occurred; (3) failing to adequately screen

tenants; (4) failing to adequately screen employees; and (5) hiring Gonzales.

On September 26, 1997, Helen filed a motion for summary judgment. In her motion, she admitted that Gonzales was a former tenant, but denied that he was still a tenant at the time of the stabbing. She further admitted that Gonzales performed various tasks for her in return for a reduction in his rent. However, she denied that William and Karen managed the property at 3932 Terrace. In her suggestions in support of her motion for summary judgment, Helen first argued that she was not liable for the appellant's injuries in her capacity as owner of the building where the appellant and Gonzales lived because the stabbing did not occur on her property. She next argued that there is no general duty to protect others from the criminal acts of third parties and that the appellant could only establish that she had a duty to protect him from Gonzales if he established that either the "special relationship" or "special facts and circumstances" exception applied to create such a duty and that under the undisputed facts neither exception applied. As such, she claimed that she was entitled to judgment as a matter of law because she had established facts which negated an element of the appellant's cause of action.

On February 9, 1998, William and Karen filed their motion for summary judgment. In their motion and suggestions in support thereof, they alleged that they did not own, manage, or have any right to control the property at 3932 Terrace where the appellant and Gonzales lived. They further argued that neither the appellant nor Gonzales was on their property at 3928 Terrace at the time of the stabbing for any purpose related to their tenancy at 3932 Terrace. As such, they argued that they could not be liable for any allegedly negligent acts with respect to the premises at 3932 Terrace. They also argued that the appellant was, at best, a licensee when he entered their property on the day of the stabbing and that they had no duty to protect him from an unknown danger, such as a criminal attack by a third person.

They further argued that they did not see that Gonzales was armed with a knife and that there was nothing they could have done to prevent the attack on the appellant. Thus, they argued that, under the undisputed facts, they owed no duty to the appellant, there was no breach of any duty, and nothing they did caused the appellant to be injured. As such, they argued that they were entitled to summary judgment because they had established facts which negated one or more of the proof elements of the appellant's cause of action.

In his responses to the respondents' motions for summary judgment, the appellant claimed that summary judgment was not proper because there were genuine issues of material fact in dispute. As to Helen's motion for summary judgment, he claimed that there was a genuine dispute as to whether she exercised any control over the premises at 3928 Terrace, whether Gonzales was her tenant at the time of the stabbing, and whether she was aware of Gonzales's previous acts of violence. As to William and Karen's motion for summary judgment, the appellant claimed that there was a genuine dispute as to whether William and Karen managed the 3932 property on behalf of Helen, whether they were aware, before the stabbing occurred, that Gonzales was armed with a knife, and whether they could have warned him of the danger before the attack.

On November 7, 1997, a hearing was held on Helen's motion, at the conclusion of which the motion was taken under advisement. On March 27, 1998, the trial court entered its judgment on Helen's motion, as well as William and Karen's, finding that there were no genuine issues of material facts on which they were relying for summary judgment, and that the respondents were entitled to judgment as a matter of law in that the respondents did not owe a duty to protect the appellant from the criminal acts of the third party, Gonzales.

This appeal follows.

## Discussion

■ Before we can address the merits of the appellant's claim, we are required first to determine, *sua sponte*, our jurisdiction. *Burch Food Servs., Inc. v. Missouri Div. of Employment Sec.*, 945 S.W.2d 478, 481 (Mo.App.1997).

■ Unless otherwise expressly provided by rule or law, our jurisdiction is limited to appeals from final judgments. *Perniciaro v. McDonald*, 974 S.W.2d 620, 621 (Mo.App.1998). For a judgment to be final and appealable when more than one claim is presented or multiple parties are involved, it must dispose of all of the claims as to all of the parties in the case leaving nothing for future determination. *Pen–Yan Inv., Inc. v. Boyd Kansas City, Inc.*, 952 S.W.2d 299, 308 (Mo.App.1997); *Rollie v. Richmond*, 860 S.W.2d 383, 386 (Mo.App.1993). The only exception to this rule occurs when fewer than all of the claims or the rights and liabilities of fewer than all of the parties are adjudicated and the judgment is certified by the trial court as being final for purposes of appeal upon an express determination that there is no just reason for delay. Rule 74.01(b);[1] *Pen–Yan Inv., Inc.*, 952 S.W.2d at 308. However, a trial court cannot so certify unless at least one entire claim as to one party is fully adjudicated. *Pen–Yan Inv., Inc.*, 952 S.W.2d at 308.

■ Our reading of the appellant's one-count petition reveals that he pled that the respondents were jointly and severally liable on his claim for damages under the alternative theories of premises liability and negligent hiring and retention. For the reasons discussed, *infra*, we find that the summary judgment entered by the trial court did not completely dispose of the appellant's claim for damages against the respondents, William and Karen Davis, in that, although it disposed of the claim on the theory of premises liability, it did not dispose of the claim on the alternative theory of negligent hiring and retention.

As such, the judgment of the trial court was not final as to William and Karen, depriving us of jurisdiction as to the appellant's claim against them. *Perniciaro*, 974 S.W.2d at 621; *Pen–Yan Inv., Inc.*, 952 S.W.2d at 308. And, as a result, even if we were to find that the trial court's summary judgment completely disposed of the appellant's claim against Helen, given the fact that this case involved multiple defendants and the trial court failed to certify its judgment as to Helen under Rule 74.01(b), as being final for purposes of appeal, we would also have no final judgment on which to base our jurisdiction as to the appellant's appeal as to Helen. *Id.*

■ To be entitled to summary judgment against the appellant on his claim for damages against William and Karen, they, as movants, were required to establish that there was no genuine dispute of material fact and that they were entitled to judgment as a matter of law. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 381 (Mo. banc 1993). In this respect, a defendant/movant, to be entitled to summary judgment on the entire claim of the plaintiff, must demonstrate that he or she is entitled to judgment as a matter of law on any theory of recovery within the scope of the plaintiff's petition. Rule 74.04(c); *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 244 (Mo. banc 1984); *Ganaway v. Shelter Mut. Ins. Co.*, 795 S.W.2d 554, 556 (Mo. App.1990). Otherwise, summary judgment on only one of the theories of recovery pled as to a claim would not dispose of the entire claim and would be partial and interlocutory in character, as envisioned in Rule 74.04(c)(3), resulting only in the removal of that theory at trial as a basis for recovery. Rule 74.04(d). Hence, in order for the trial court here to grant summary judgment to William and Karen on the appellant's entire claim against them, they

---

1. All rule references are to the Missouri Rules of Civil Procedure (1999), unless otherwise indicated.

were required to demonstrate on the undisputed material facts alleged in their motion that they were entitled to judgment as a matter of law on both theories pled by the appellant, premises liability and negligent hiring and retention. Because our discussion of the latter theory leads us to hold that we lack jurisdiction to hear this appeal, we address it alone.

■ To make a *prima facie* case for summary judgment as to the appellant's claim against them on a theory of negligent hiring and retention, William and Karen, as defendants, were required to show: (1) facts which negated any one of the elements facts of the theory; (2) that the appellant had not produced, and would not be able to produce, sufficient facts to establish any one element; or (3) that there was no genuine dispute as to each of the facts necessary to support a properly pleaded affirmative defense. *ITT Commercial Fin.*, 854 S.W.2d at 381. As to the necessary elements of his claim against William and Karen, based on the theory of negligent hiring and retention, the appellant was required to plead and prove that an employer-employee relationship existed between them and Gonzales. *J.H. Cosgrove Contractors, Inc. v. Kaster*, 851 S.W.2d 794, 798 (Mo.App.1993). He was further required to plead and prove that they knew or should have known of Gonzales's dangerous proclivities and that their negligence in hiring or retaining him was the proximate cause of the appellant's injuries. *Gibson v. Brewer*, 952 S.W.2d 239, 246 (Mo. banc 1997). With respect to these elements, the appellant alleged in his petition that: (1) Gonzales was an employee of William and Karen; (2) they knew or should have known, prior to the stabbing, that Gonzales was violent or had manifested violent propensities; (3) they were negligent in hiring and retaining Gonzales as an employee; and (4) as a result of this negligence he was damaged. As such, it appears that the appellant sufficiently stated a claim in his petition against William and Karen under a theory of negligent hiring and retention.

■ A review of William and Karen's motion for summary judgment reveals that they alleged what they contended were undisputed material facts which negated proof elements of the appellant's premises liability theory of recovery, the first means by which a defendant/movant can make a *prima facie* case for summary judgment. *ITT Commercial Fin.*, 854 S.W.2d at 381. However, the motion did not allege any facts that would have negated a proof element of the appellant's negligent hiring and retention theory of recovery. In this respect, the motion failed to allege facts as to whether Gonzales was their employee or whether they were, prior to the stabbing, aware of his dangerous proclivities. The motion did allege certain facts in regard to proximate cause as to whether they could have prevented the stabbing once Gonzales entered their property. However, this did not go to any proof element of negligent hiring and retention. It would only serve to negate an element of the appellant's premises liability theory of recovery, under which he was required to establish that the respondents had sufficient time in which to prevent the injury once the danger was known. *See Schelp v. Cohen–Esrey Real Estate Servs., Inc.*, 889 S.W.2d 848, 851 (Mo.App.1994).

In order to be entitled to summary judgment as to the appellant's entire claim, William and Karen had the burden under Rule 74.04(c) to state with particularity each material fact on which they relied to be entitled to judgment as a matter of law as to both theories pled by the appellant. *Zafft*, 676 S.W.2d at 244; *Ganaway*, 795 S.W.2d at 556. Because they failed to do that as to the pleaded theory of negligent hiring and retention, the trial court, at most, could have granted them partial summary judgment on the appellant's claim as to the theory of premises liability, the correctness of which we have no jurisdiction to decide, given our holding herein. As such, with respect to the appellant's claim against William and Karen, the trial court's summary judgment only disposed of one theory of recovery alleged by the

appellant, but not the entire claim. Hence, the trial court could not grant summary judgment to William and Karen on the appellant's entire claim, resulting in no final and appealable judgment thereon and depriving us of jurisdiction. *Pen–Yan Inv., Inc.,* 952 S.W.2d at 308. Given this fact and the trial court's failure to certify, under Rule 74.01(b), its judgment as to Helen as being final for purposes of appeal in that there was no just reason for delay, we also lack jurisdiction as to the appellant's appeal of the trial court's summary judgment as to his claim against Helen. *Pen–Yan Inv., Inc.,* 952 S.W.2d at 308; *Rollie,* 860 S.W.2d at 386.

### Conclusion

For the reasons stated, we dismiss the appeal for a lack of jurisdiction.