Dennis PAYNE, Appellant,

v.

CITY OF ST. JOSEPH, Missouri, et al., Respondents.

No. WD 59715.

Missouri Court of Appeals, Western District.

Oct. 16, 2001.

Mark E. Parrish, Independence, for appellant.

R. Todd Ehlert, St. Joseph, for respondents.

Before EDWIN H. SMITH, P.J., and HOWARD and HOLLIGER, JJ.

HOWARD, Judge.

Dennis Payne appeals from the trial court's grant of a motion for summary judgment in favor of the City of St. Joseph, in a case involving an injury at a landfill. Payne's sole point on appeal is that the trial court erred in granting summary judgment to the City of St. Joseph because even if the dumpster of the transfer station into which he fell was an open and obvious condition as a matter of law, it is for a jury to decide whether the harm should have been anticipated, thereby breaching a duty of care, because he was using the land as intended by the land's possessor.

Appeal dismissed.

## Facts

In January 1999, Dennis Payne worked for Boston House and Window, located in St. Joseph, Missouri. On January 28, 1999, Payne's employer sent him and another employee to some of the employer's rental properties to load and remove any junk or garbage present. Payne was driving a "box" truck, similar to a commercial moving truck. After loading the truck, Payne took the refuse and debris to the City of St. Joseph Landfill.

Upon arriving at the landfill transfer station and backing his truck to the edge of the drop-off, Payne entered the cargo area of the truck and began dropping refuse into the dumpsters below. While attempting to push a piece of machinery weighing approximately one hundred pounds out of the back of the truck, Payne lost his balance and fell approximately 16 to 18 feet into the dumpsters below, breaking his left leg. At the time of Payne's fall, there was no barrier or safety handrail around the pit of the transfer station to protect against falls.

Payne filed a petition for damages in the Circuit Court of Buchanan County, alleging that the City of St. Joseph, Larry Stobbs (Mayor of the City of St. Joseph), and J. Bruce Woody (Director of Public Works of the City of St. Joseph) were negligent, in that the area from which he fell was not properly barricaded and signs did not properly warn business invitees of the dangerous condition. In their answer, the defendants denied the allegations of negligence and pleaded as affirmative defenses failure to state a claim, contributory and comparative negligence, assumption of risk, sovereign immunity, and statute of limitations.

The defendants moved for summary judgment, claiming that they were entitled to sovereign immunity, and Payne had not demonstrated that the "dangerous condition" exception to sovereign immunity applied in this case. The defendants further alleged that Payne's claims against individual defendants J. Bruce Woody and Larry Stobbs should be dismissed under the doc-

trines of public duty and official immunity. The court granted the motion for summary judgment. The court held that the dangers presented at the transfer station were "open and obvious" as a matter of law, and there was no evidence to support a finding that "the Defendant's" conduct fell below the requisite standard of care owed to an invitee. This appeal follows.

## Standard of Review

■ We review a trial court's granting of summary judgment de novo, and we view the record in the light most favorable to the party against whom judgment was entered, giving the non-movant the benefit of all reasonable inferences from the record. *American Standard Ins. Co. v. Hargrave*, 34 S.W.3d 88, 89 (Mo. banc 2000). "Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Id.* A defendant may establish a right to summary judgment by showing

(1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

*ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 381 (Mo. banc 1993). We will affirm the trial court's summary judgment on any ground supported by the record, whether relied upon by the trial court or not. *Comstock v. Walsh*, 848 S.W.2d 7, 9 (Mo. App. W.D.1992).

## Argument

■ Payne's sole point on appeal is that the trial court erred in granting summary judgment to the City of St. Joseph as a matter of law because even if the dumpster of the transfer station into which he fell was an open and obvious condition as a matter of law, it is for a jury to decide whether the harm should have been anticipated, thereby breaching a duty of care, because he was using the land as intended by the land's possessor.

■ This court has a duty to determine sua sponte whether it has jurisdiction to entertain an appeal. *Rollie v. Richmond*, 860 S.W.2d 383, 385 (Mo.App. W.D.1993). Under Rule 74.01(b),[1] this appeal does not lie. *Id.* at 386. The record discloses that the individual defendants, Larry Stobbs and J. Bruce Woody, may remain in the case pending before the trial court. As we stated in *Rollie*,

[f]or a judgment to be final and appealable, it must dispose of all parties and all issues in the case, leaving nothing for future determination. *Around the World Importing, Inc. v. Mercantile Trust Co. Nat'l Ass'n*, 771 S.W.2d 919,

---

1. Rule 74.01(b) provides as follows:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

922 (Mo.App.1989). The exception occurs when the trial court designates its judgment adjudicating fewer than all claims or disposing of fewer than all the parties as final for purposes of appeal and makes the express determination that there is no just reason for delay before appellate review of the merits of the case can occur. *Gould v. Missouri State Bd. of Registration for Healing Arts*, 826 S.W.2d 101, 102 (Mo.App. 1992).

*Id.* The summary judgment in this case is not a final judgment in that it does not dispose of all parties. The caption on the judgment names only the City of St. Joseph as a defendant, and only a single defendant is referred to throughout the judgment. The record does not indicate that Stobbs and Woody were otherwise disposed of as parties. The trial court did not designate the judgment final for purposes of appeal, nor did the trial court expressly determine that a just reason for delay did not exist to permit appellate review on the merits of the case. Therefore, the appeal is dismissed.

EDWIN H. SMITH, P.J., and HOLLIGER, J., concur.