John and Marilyn FLOWERS, and
Norman J. Smith, Plaintiffs–
Appellants,

v.

McDONALD COUNTY, Missouri,
Defendant–Respondent.

No. 24490.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 6, 2002.

Daniel D. Whitworth, Joplin, for plaintiffs-appellants.

Robert W. Evenson, Greg R. Bridges, Evenson & Carlin, L.L.C., Pineville, for defendant-respondent.

KERRY L. MONTGOMERY, Presiding Judge.

Over 131 years ago, McDonald County, Missouri (County), issued a bearer bond (Bond) in the face amount of $100. The Bond, issued on June 1, 1871, was "payable on the first day of June A.D. 1874" and provided for interest at the rate of ten percent per annum. One hundred twenty-eight years after the issuance of the Bond, Plaintiffs, as bearers of the Bond, sued

County claiming they were owed over $19,000,000. The trial court granted summary judgment in favor of County after finding that § 516.110, the ten-year statute of limitations, barred Plaintiffs' action as of June 1, 1884.

Plaintiffs appeal. We dismiss the appeal for lack of a final judgment because the judgment did not dispose of County's counter-claim and did not make the determination required by Rule 74.01(b).[1]

In response to Plaintiffs' petition, County filed an answer and counter-claim. In the counter-claim, County alleged the Bond had been paid and redeemed by County and that Plaintiffs unlawfully possessed it. The County prayed for possession of the Bond.

The summary judgment only found in favor of County on Plaintiffs' petition and made no mention of the pending counter-claim. Neither did the judgment make "an express determination that there is no just reason for delay" pursuant to Rule 74.01(b).

■■■■ Though neither party raises the issue of appellate jurisdiction, it is our duty to do so *sua sponte*. *McKean v. St. Louis County*, 936 S.W.2d 184, 185 (Mo. App.1996). "The appellate court has jurisdiction only over final judgments." *Id. See* § 512.020, RSMo 1994.

Generally, a final and appealable judgment disposes of all issues and all parties in the case leaving nothing for future determination. If a trial court designates a judgment that adjudicates fewer than all the claims or disposes of fewer than all the parties as final for the purposes of appeal, the trial court must also make "an express determination that there is no just reason for delay." Rule 74.01(b). "Absent such a determination and designation, the judgment is not final and an appellate court is without jurisdiction." *Beelman River Terminals, Inc. v. Mercantile Bank, N.A.*, 880 S.W.2d 902, 903 (Mo. App.1993).

*Ackerson v. Runaway II, Inc.*, 961 S.W.2d 933, 934–35 (Mo.App.1998) (some citations omitted.)[2]

■■■■ Here, the judgment did not dispose of the counter-claim demanding possession of the Bond. Therefore, fewer than all the claims in this case have been adjudicated. Where a summary judgment fails to dispose of all parties or claims and the trial court fails to "certify its judgment" under Rule 74.01(b) as final for the purposes of appeal, an appellate court lacks jurisdiction. *Moreland v. Farren–Davis*, 995 S.W.2d 512, 516 (Mo.App.1999).

Because the counter-claim is yet to be decided and the trial court did not make the "no just reason for delay" finding pursuant to Rule 74.01(b), the judgment herein is not final and appealable.

---

1. Rule references are to Missouri Court Rules (2002).

2. Rule 74.01(b) provides:
   **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The appeal is dismissed, and the cause is remanded for further proceedings.

GARRISON and BARNEY, JJ., concur.