**BLEDSOE PLUMBING & HEATING, INC., Plaintiff/Counterclaim Defendant/Appellant,**

v.

**ELDORADO SPRINGS R–II SCHOOL DISTRICT, Defendant,**

and

**David Ehrmann, Mickey J. Jones, Kevin Paxman, and Mark Shaddox, Defendants/Counterclaimants/Respondents.**

No. 26758.

Missouri Court of Appeals, Southern District, Division One.

Feb. 2, 2006.

Rehearing Denied Feb. 27, 2006.

John A. Parks, of Hermitage, MO, for appellant.

William A. Jolley, Jolley, Walsh, Hurley & Raisher, P.C., of Kansas City, MO, for respondents.

DONALD BARNES, Senior Judge.

The trial court granted summary judgment in favor of Respondents David Ehrmann, Mickey J. Jones, Kevin Paxman and Mark Shaddox, (collectively "Respondents"), as former employees, on their counterclaim against Plaintiff/Counterclaim Defendant/Appellant, Bledsoe Plumbing & Heating, Inc. ("Bledsoe"), pursuant to the Missouri Prevailing Wage Act, Section 290.210, *et seq.* RSMo 2000 ("the Act"). The judgment granted to Respondents wage differences between the wages they were in fact paid by Bledsoe and the prevailing wages to which they were actually entitled, penalties and attorney fees, pursuant to the applicable provisions of the Act. This appeal by Bledsoe followed.

## FACTS

Bledsoe bid for and was awarded a contract with El Dorado Springs R–II School District ("School District") to perform all heating, ventilating, air conditioning and plumbing for the remodeling and construction of certain buildings for School District. The construction project was subject to provisions of the Act because School District is a public body under the Act. *See Purler–Cannon–Schulte, Inc. v. City of St. Charles,* 146 S.W.3d 31, 35 (Mo.App.2004).

Pursuant to provisions of the Act, the Department of Labor and Industrial Relations issued its Annual Wage Order No. 7 establishing hourly wages of $27.47 for plumbers and pipe fitters and $28.75 for sheet metal workers on the School District's project. However, Respondents were paid by Bledsoe lesser rates: Ehrmann was paid $16.00 per hour for 1364.75 hours; and Jones, Paxman and Shaddox were each paid $9.25 per hour for 1093.5 hours, 538.5 hours and 936.75 hours, respectively. School District was apparently aware of Bledsoe's alleged failure to pay the prevailing rates to Respondents and withheld monies due Bledsoe under the

contract until the wage issues were resolved.

The case in the circuit court was commenced by Bledsoe bringing a petition for declaratory judgment against School District and Respondents. An amended petition was filed May 17, 2004, after obtaining leave. Therein, Bledsoe sought a declaration that School District wrongfully withheld certain sums owed by it to Bledsoe for plumbing and HVAC work performed by Bledsoe pursuant to the contract with School District.

School District answered Bledsoe's petition and also filed a counterclaim for declaratory relief against Bledsoe. On June 10, 2004, Respondents filed their answer to the amended petition, as well as a counterclaim against Bledsoe for damages under the Act. However, the trial court bifurcated the claims, separating out Respondents' claims against Bledsoe from Bledsoe's action against School District because Bledsoe's surety on the project was in receivership and a stay order had been issued by the federal district court in which the receivership was lodged relating to the dispute between Bledsoe and School District. Bledsoe filed its answer to Respondents' counterclaim on June 23, 2004.

On September 22, 2004, Respondents filed their Motion for Summary Judgment with their Statement of Undisputed Material Facts. Bledsoe never filed a response, nor did it file an objection thereto or a motion to strike any of the specifically-numbered statements of undisputed facts. On the date of the hearing on the Motion for Summary Judgment, Bledsoe sought leave from the trial court to file a response out of time, but leave was denied. The trial court did, however, hear arguments of counsel, including counsel for Bledsoe, and thereafter granted judgment in favor of Respondents on their counterclaim.

The trial court determined that Respondents each worked half of their hours on the job as plumbers and half as sheet metal workers. The trial court utilized a "blended prevailing rate" of $28.11 per hour, which it calculated by adding the prevailing rate of wages for sheet metal workers, $28.75, plus the prevailing rate of wages for plumbers, $27.47, and dividing the sum by two. The trial court then multiplied $28.11 by the number of hours worked by each Respondent, deducted the amount each worker had actually been paid by Bledsoe, and then doubled that amount, pursuant to § 290.300, RSMo 2000. The trial court also granted judgment for interest, but held open the issue of attorney fees for further evidence. There is no issue raised as to the mathematics utilized in calculating the amounts awarded. The judgment entered by the trial court on December 10, 2004 on Respondents' counterclaim was designated as final for purposes of appeal.

## POINTS ON APPEAL

Bledsoe brings this appeal and asserts three points. First, Bledsoe contends Respondents' Motion for Summary Judgment and exhibits supporting their statement of uncontroverted material facts were insufficient to establish that there existed no genuine issues as to the facts because they contained conclusions and arguments based on conjecture and not based on admissible evidence. Bledsoe further asserts that there existed a genuine issue as to the number of hours worked by each of the Respondents, as the trial court accepted testimony of witness Frank E. Hostetter as admissions of Bledsoe without a basis for determining that Hostetter testified on behalf of Bledsoe. Second, the judgment for Respondents exceeded amounts sought by Respondents in their original counterclaim, and the amended counterclaim was not properly before the court because Re-

spondents had not sought leave to file the amended counterclaim. Third, the trial court, by averaging the rates of pay of the two prevailing rates of wages (a "blended" rate) and applying that to the number of hours worked, violated provisions of the Act which require the Department of Labor and Industrial Relations to establish the hourly rates for the categories of labor involved in the project. Bledsoe contends the trial court acted arbitrarily in establishing a different hourly rate.

Because Bledsoe's surety was in receivership and a stay order was issued in that proceeding, the trial court could not dispose of all issues pending. However, where there is more than one issue or claim presented, the trial court may enter a judgment as to one or more but fewer than all the claims upon an express determination that there is no just reason for delay and the judgment disposes of a distinct judicial unit. Rule 74.01(b); *City of Kansas City v. Woodson*, 130 S.W.3d 7, 10 (Mo.App.2004). Appeal may then lie. *Precision Invests., L.L.C. v. Cornerstone Propane, L. P.*, 119 S.W.3d 611, 614 (Mo. App.2003). The trial court herein so found in its judgment. This Court, therefore, has jurisdiction to hear this appeal. *See Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995).

In addressing these points, this Court must consider the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc 1993). Our review must be *de novo* because the criteria for testing the propriety of a summary judgment on appeal are no different from those the trial court must use in disposing of the motion initially. *Id.*

Summary judgment will be upheld if there is no genuine dispute of material fact and the movant is entitled to a judgment as a matter of law. *Id.* at 380. A genuine dispute of material fact exists when the record contains competent evidence that demonstrates two plausible but contradictory accounts of essential facts. *Id.* at 382. Facts set forth by affidavit or by the record in support of the motion are deemed to be true unless they are contradicted by the non-moving party's response to the motion for summary judgment. *Robinson v. Mo. State Highway & Transp. Comm'n*, 24 S.W.3d 67, 73 (Mo.App.2000).

An examination of Respondents' very lengthy Motion for Summary Judgment reveals Respondents substantially followed the provisions of Rule 74 and have stated with sufficient clarity the essential facts which they allege as undisputed and material. However, Bledsoe failed to file any response setting out facts demonstrating any genuine issue as to material facts. Missouri appellate courts have repeatedly held that failure to respond to a motion for summary judgment or other failure to object to or move to strike any of movant's specifically numbered statements of undisputed material fact deems them to be true and correct. Rule 74.04(c)(2); *Gen. Am. Life Ins. Co. v. Barrett*, 847 S.W.2d 125, 129 (Mo.App.1993). Bledsoe's failure to respond results in the admission of facts alleged by Respondents. This Court reviews Bledsoe's allegations of error in this light.

■ In Point I of its brief, Bledsoe posits that the evidence relied upon by Respondents in asserting facts in their summary judgment motion would not be admissible under the rules of evidence at trial and that the facts asserted by Respondents are conclusions and arguments and are not a true reflection of deposition testimony and exhibits. While Bledsoe makes reference to deposition testimony and exhibits in its arguments that Respondents have misconstrued or misstated

facts and attempts to compare those facts with deposition testimony and exhibits, Bledsoe did not provide this Court with the depositions nor the exhibits to which it refers. Rule 81.12(a) provides, in pertinent part: "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented . . . to the appellate court for decision." Arguments based on references to records which are not provided must be rejected and leave nothing for the Court to decide, for to do otherwise would be to speculate. *In re Care & Treatment of Johnson,* 161 S.W.3d 873, 879 (Mo.App.2005); *Bowers v. Hiland Dairy Co.,* 132 S.W.3d 260, 265 (Mo.App.2004). This part of Bledsoe's Point I must, therefore, be rejected.

■ Respondents deposed one Frank E. Hostetter, president and general manager of Bledsoe, who made admissions relating to the types of work and hours performed by the individual Respondents who utilized these statements in formulating their statements of material facts set out in their motion for summary judgment. Bledsoe argues that Hostetter's statements cannot be considered admissions against Bledsoe because Respondents did not give notice as required by Rule 57.03(b)(4) advising Bledsoe, a corporation, to designate someone to speak on behalf of the corporation.

However, Bledsoe misinterprets the rule, for it requires notice to a non-party organization of its duty to make such a designation. Bledsoe, the appellant herein, was not a non-party. Rule 57.03(b)(4) defines a "party" to include a deponent who at the time was an officer, director or managing agent of a party, which Hostetter admittedly was. Therefore, his deposition testimony may be used by an adverse party, in this case by Respondents, for any purpose. Rule 57.07(a). The entirety of Bledsoe's Point I is rejected.

■ In Point II, Bledsoe contends the trial court exceeded its authority in granting judgment for sums in excess of what Respondents sought in their first counterclaim because Respondents failed to obtain leave to file their amended counterclaim and the amended counterclaim was not properly before the court. In the original counterclaim, Respondents sought judgment against Bledsoe for specific dollar amounts of wage shortages, alleging that Bledsoe owed $6,336 to Ehrmann, $9,826 to Jones, $4,152 to Paxman, and $7,375 to Shaddox. Respondents couched the allegations as "on information and belief."

In the amended counterclaim, Respondents sought amounts as "will be proved at trial." In all other respects, the two counterclaims were essentially identical. There is no requirement to seek leave to file an answer to an amended petition. Respondents' counterclaim was filed with and as a part of their answer to the amended petition, and the amended counterclaim was identical except for the dollar amount of wages Respondents claimed they were shorted.

■ Arguably, there was no requirement that leave be sought. However, that conclusion need not be reached, as Bledsoe made no objection to the filing of the amended counterclaim without leave having first been obtained and filed its answer thereto. When a party amends its pleading without leave and after a responsive pleading is served, notwithstanding the provisions of Rule 55.33(a), such amended pleadings are allowed to serve justice when there is no accompanying prejudice to the opposing party. *Southwestern Bell Yellow Pages, Inc. v. Wilkins,* 920 S.W.2d 544, 550 (Mo.App.1996).

The *Southwestern Bell* court held that a hypertechnical reading of the Rule was not intended where "the amended pleading [is] filed shortly after the original petition, though after the responsive pleading, and the amendment does not change the nature of the litigation." *Id.* The change in Respondents' counterclaim did not change the nature of their claim or require Bledsoe to alter its defense or work any demonstrable prejudice. We hold that it was not error for the trial court to base its judgment as to damages on Respondents' amended counterclaim and the evidence adduced pursuant thereto. Point two is denied.

■ Point three of Bledsoe's brief asserts error in that the trial court's judgment as to damages was arrived at by averaging the two prevailing wage rates, one for plumbers and one for sheet metal workers, rather than utilizing the applicable wage rate as determined by the Department of Labor and Industrial Relations for plumbers and for sheet metal workers multiplied by the number of hours each Respondent worked at each of those crafts on the project. Therefore, Bledsoe contends, the judgment of the trial court is not authorized under the applicable statute, § 290.250.

Paragraph thirty-five of Respondents' Motion for Summary Judgment alleges as an undisputed fact that Respondents Jones and Shaddox each worked one-half of their total hours on the project (1093.5 total hours for Jones, and 936.75 total hours for Shaddox) doing plumbing work and one-half doing sheet metal work. The trial court averaged the two prevailing hourly rates for each Jones and Shaddox and multiplied that average rate times the total number of hours each worked. The result was precisely the same total amount of wages due to each of them as if the prevailing hourly wage for plumbers had been multiplied by half of the total hours worked, and the prevailing hourly wage for sheet metal workers had been multiplied by half the total hours worked, and the two totals added together. Thus, while the methodology utilized by the trial court (denominated as a "blended wage rate" in the parties' briefs and the judgment) to determine the wage shortage under the Act and the penalties for Jones and Shaddox did not comply with the methodology required by law, the result was consistent with the requirement that the prevailing wage rate as determined for public work projects by the Department of Labor and Industrial Relations be used as the exclusive measure. Were it not so, the trial court, in essence, would be creating a prevailing rate to be applied.

■ Respondents' brief states that each of the Respondents performed one-half of their individual total hours worked on the project as plumbers and one-half as sheet metal workers. As noted, Respondents' Motion for Summary Judgment does set out as an undisputed fact that Jones and Shaddox each worked one-half of their respective total hours as plumbers and one-half as sheet metal workers. A careful reading of the Motion for Summary Judgment does not disclose any statement of fact, however, as to how many of the total hours worked by each of Respondents Ehrmann and Paxman were performed as plumbers or as sheet metal workers, nor is there at any other place in the record any such distinction. The trial court utilized the same averaging or blending of the applicable wage rates for plumbers and sheet metals workers, however, and multiplied the average or blended figure by the total number of hours worked on the project by Ehrmann and by Paxman to determine the total amounts owed to each under the Act.

There are two problems presented. First, it does not appear as a stated undis-

**598**

puted fact in Respondents' Motion for Summary Judgment or any other place in the record, that all of the hours worked on the project by Ehrmann and by Paxman were worked only as plumbers and/or sheet metal workers. Second, it is not stated as an undisputed fact that of all the hours each worked, one-half of the hours worked by each was spent on plumbing and one-half on sheet metal work.[1] Thus, the trial court created an applicable wage rate with regard to Respondents Ehrmann and Paxman that is not supported by stated, undisputed facts in Respondents' Motion for Summary Judgment or in the record now before this Court. Under the Act, only the Department of Labor may establish a prevailing wage rate in a public-works contract. *See* §§ 290.050, 290.262.1, 290.270, RSMo 2000.

■ Before this Court can sustain a trial court's judgment upon summary judgment, it is required to establish jurisdiction; *i.e.,* that there is a final judgment of the trial court. If: 1) more than one claim is made or there are multiple parties, as here; and, 2) the trial court has, pursuant to Rule 74.01(b), designated its judgment as final for purposes of appeal, as here; and, 3) one or more of the claims is fully adjudicated, as here, then the court's judgment for summary judgment as to those claims may be affirmed. However, if one or more claims be not fully resolved and adjudicated on the record before this Court, then this Court has no jurisdiction as to those claims and issues. *Moreland v. Farren–Davis,* 995 S.W.2d 512, 516 (Mo. App.1999).

It appears, and this Court holds, that the trial court's judgment as to Respon-

dents Jones and Shaddox is fully supported by the record and therefore may be considered fully adjudicated and final. As to Respondents Jones and Shaddox, the trial court's judgment is affirmed.

However, while counsel for Respondents argued to this Court that depositions in the case established that Respondents Ehrmann and Paxman each worked one-half of their total hours on the project as plumbers and one-half of their hours as sheet metal workers, it is not evident in the record, nor in the motion for summary judgment, nor by inclusion of the relevant portions of the deposition referred to. The facts of the hours worked at what trade and the wages owed those Respondents remain unadjudicated, and this Court must, as to the claims of Respondents Ehrmann and Paxman, reverse and remand to the trial court for trial or other determination consistent with this opinion.

PARRISH, J., and RAHMEYER, J., concur.

---

1. Respondents argue that Ehrmann and Paxman each spent one-half of the total hours worked as plumbers and one-half as sheet metal workers. Counsel for Respondents also stated that depositions in the case at the trial level established that each worked one-half of his total hours as a plumber and one-half as a sheet metal worker; however counsel acknowledges that record is not before this Court.